IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CARL EDWARDS, III, <br><br> Plaintiff, <br><br> v. <br><br> RICK JACOBS, et al., <br><br> Defendants. | CIVIL ACTION NO.: 5:23-cv-15 |

**O R D E R**

Plaintiff filed this action, ostensibly asserting claims under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff subsequently filed another similar action, which the Court consolidated with this one.  Doc. 15.  The Court ordered both Complaints be considered together.  Docs. 1, 16.  Following mandatory frivolity screening under 28 U.S.C. § 1915A, I **DISMISS** Plaintiff's consolidated Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]  Further, I **DENY** Plaintiff's Motion to File an Untimely Appeal and Motion to Correct Void Sentence.  Docs. 13, 14.

---

[1] Plaintiff has consented to the undersigned's plenary review.  Doc. 25.

**BACKGROUND**

Plaintiff is a convicted and sentenced state prisoner at Telfair State Prison in Helena, Georgia.[2]  Doc. 1 at 1.  Plaintiff filed the two Complaints in this case using § 1983 complaint forms, but Plaintiff plainly challenges the fact he is incarcerated.

Plaintiff states he was arrested on October 18, 2005, and was indicted twice.  Plaintiff states his first indictment was either nolle prosequi or dismissed with prejudice in 2007.  Doc. 1 at 5; Doc. 16 at 5.  Plaintiff states his second indictment was dismissed with prejudice in 2013 in "Case # 513-053."  Doc. 16 at 5.  It appears Plaintiff is referring to a petition for writ of habeas corpus filed in this Court in 2013.  See Edwards v. Jacobs, No. 5:13-cv-53 (Oct. 1, 2013).  Contrary to Plaintiff's allegations, this Court dismissed Plaintiff's 2013 habeas petition because it was not timely filed.  See id., ECF No. 17.  Plaintiff filed a post-judgment motion for out-of-time appeal, which the Court denied.  See id., ECF Nos. 19, 20.  Plaintiff's habeas case remains closed.

In the Complaints Plaintiff filed in this case, he says he was granted relief in the 2013 habeas case, but the Georgia Department of Corrections will not release him because of "hate crimes, prejudice[], and retaliation out of spite causing cruel and unusual punishment and denying [him medical treatment, etc."  Id.  As relief, Plaintiff seeks a hearing and a transfer to Ware County Jail until his "motion to reduce void/invalid sentence" is granted.  Id.

**DISCUSSION**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

---

[2]     All allegations set forth here are taken from Plaintiff's consolidated Complaint.  Docs. 1, 16.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**I.    Plaintiff's Claims for Injunctive Relief Fail**

Plaintiff brings a § 1983 action related to his confinement at Telfair State Prison. Docs. 1, 16. However, Plaintiff only seeks injunctive relief—specifically, a hearing and release from state custody. Doc. 1 at 6; Doc. 16 at 6.

A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL

3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). To the extent Plaintiff is challenging the fact and duration of his confinement and is seeking release from that confinement, he is requesting habeas corpus relief.

Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies. Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486). Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a necessary prerequisite for filing a federal habeas petition. Additionally, Plaintiff refers to the disposition of his federal habeas petition in Edwards v. Jacobs, No. 5:13-cv-53 (Oct. 1, 2013), but the Court denied Plaintiff the relief he requested in that case.[3] The 2013 disposition does not support Plaintiff's position—it plainly defeats Plaintiff's claims in this case. Accordingly, I **DISMISS** all of Plaintiff's claims, by which he only seeks injunctive relief.

## II.    Failure to State a Claim

Even if Plaintiff were seeking monetary damages, his claims would fail. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in

---

[3] Plaintiff also filed a Motion to File an Untimely Appeal and a Motion to Correct Void Sentence. Docs. 13, 14. It is apparent Plaintiff intended to file these Motions in this case and others, and the Clerk of Court did file the Motions in those other cases. In both Motions, Plaintiff asks the Court to provide relief in Edwards v. Jacobs, No. 5:13-cv-53 (Oct. 1, 2013), which has been closed for many years. Plaintiff has no basis for pressing these two Motions in this § 1983 case. Therefore, I also **DENY** Plaintiff's Motion to File an Untimely Appeal and a Motion to Correct Void Sentence. Docs. 13, 14.

pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

As to the individual Defendants, Plaintiff fails to describe how any of them are connected to any constitutional violation. In fact, Plaintiff only lists the individual Defendants' names and positions. He makes no factual allegation against them.

As to Defendant Department of Corrections Release Department, this is a state agency not subject to suit under § 1983. To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995); see also Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020). While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)).

To the extent Plaintiff seeks any monetary damages against Defendants, I **DISMISS** Plaintiff's Complaint because he fails to state a claim against Defendants.

### III.    Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3);

Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Further, I **DENY** Plaintiff's Motion to File an Untimely Appeal and Motion to Correct Void Sentence.

**SO ORDERED** this 27th day of October, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA